FILED

PROVIDED TO JEFFERSON C.I.
OCT 20 2022
FOR MAILING AWK
RECEIVED BY

PETITION UNDER 28 U.S.C. § 2254
FOR WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

2022 OCT 25 PM 1:30
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE

NAME: Andrew King

DOCKET OR CASE NO: TBA

PLACE OF CONFINEMENT: Jefferson Correctional Institution

PRISONER NO: J51219

PETITIONER: Andrew King

v.

RESPONDANT: Sec'y Dep't of Corr.

THE ATTORNEY GENERAL OF THE STATE OF: FLORIDA

PETITION

1. Judgement of conviction was entered against Petitioner in the Fourth Judicial Circuit, Duval County, 501 West Adams St, Jacksonville Florida, 32202 in case number 16-2010-CF-009293-AXXX-MA.

1

2. Petitioner was convicted on September 17, 2013 and was sentenced December 16, 2021.

3. Petitioner was sentenced to three consecutive terms of life imprisonment.

4., 5. Petitioner was convicted of multiple offenses in this case: First Degree Premeditated Murder, Killing of Unborn Quick Child by injury to Mother and Armed Burglary

6. Petitioner plead Not Guilty and went to a jury trial.

7. Petitioner testified at a postconviction evidentiary hearing.

8., 9. Petitioner appealed the judgement and conviction to the First District Court of Appeal of Florida which was Per Curiam Affirmed on March 2, 2015 in King v. State, 156 So.3d 1080 (Fla 1st DCA 2015). Petitioner raised a single Williams Rule issue on review.

2

10., 11. Following the affirmance of the Direct Appeal, Petitioner filed a Motion for Postconviction Relief, under case number 16-2010-CF-009293-AXXX-MA, on November 13, 2015. The following grounds were raised: 1) failure to move to dismiss the indictment, 2) failure to move to suppress the testimony of the States jailhouse informant, 3) failure to object to certain of the State's comments in closing as prejudicial, 4) failure to object the State's closing comments disparaging the credibility of defense counsel and the plausibility of the defense theory, 5) failure to object to the State's closing comments on Appellee's silence, 6) failure to object to the State's use of prior inconsistent statements of Appellees mother as substantive evidence, 7) defense counsels stipulation to the State's introduction of cellphone records that the State had not provided to defense, 8) failure to call three witnesses to impeach the girlfriends testimony, 9) failure to object to prejudicial evidence concerning the unsolved murder of informants father, 10) failure to introduce exculpatory evidence consistant with defense theory, 11) failure to object

3

to the State's prejudicial opening comments on Appellees mental state, 12) failure to object to the State's closing argument that a motive for the killing was established, 13) failure to object to prejudicial hearsay testimony from the lead detective and the girlfriend about the victims supposed fear of Appellee, 14) failure to object to improper opinion testimony from the girlfriend that she believed Appellee was responsible for breaking into the home and re-arranging things, 15) failure to object to hearsay testimony from the lead detective concerning the context of text messages sent among several witnesses, and 16) cumulative error.

    On November 1, 2019, the Fourth Judicial Circuit vacated Petitioners Judgement and sentence and granted a new trial. The State appealed on November 15, 2019 (case number 1D19-4166; State v. King, 325 So.3d 313 (Fla. 1st DCA 2021)), citing the Postconviction Courts order was not based on competent substantial evidence. On September 9, 2021 the First District

4

Court of Appeal of Florida reversed the Fourth Judicial Circuits order and ordered Petitioners sentence reimposed.

Petitioner filed Petition for Writ of Certiorari in the Florida Supreme Court, who declined to accept jurisdiction on January 31, 2022.

Petitioner was resentenced on December 16, 2021.

12. GROUND ONE: First District Court of Appeal of Florida erred in reversing Postconviction Courts order granting a new trial, because appellate court made unreasonable factual determinations not based on the record.

After one 12-juror capital hung jury and one 6-juror noncapital hung jury Mr. King was convicted at his third 6-juror non-capital trial. In his postconviction motion Mr. King argued that trial counsel failed to present evidence and argument concerning a photograph of a thermostat setting and an inside/outside temperature discrepancy at his final trial that was presented at

Mr. Kings two previous trials, Circuit Court Judge Marianne L. Aho, Duval County granted the postconviction motion on the single ground, vacating Mr. Kings judgement and sentence and awarding a new trial.

Specifically, Judge Aho noted in her order granting relief that "[Mr. King] was prejudiced by trial counsels failure to present evidence and argument regarding the inside/outside temperature discrepancy and the seventy-nine degree thermostat setting. The crux of the defense was that Danielle Butler commited the murder and then framed [Mr. King]. Based on the evidence presented at trial, this is a relatively convincing defense. Ms. Butlers behavior after awaking the morning after the murder was borderline outlandish under the circumstances. Furthermore, the various objects strewn about the house suggesting [Mr. King] was the perpetrator would be something you would expect to find if someone was trying to frame someone else for a crime.

6

"The inside/outside temperature discrepancy (as well as the thermostat setting) are at odds with Ms. Butlers testimony and suggest she opened the back door shortly before calling police in an attempt to frame [Mr. King]. This is strong physical evidence supporting [Mr. Kings] primary defense, as it would be impossible for the inside temperature of the house to have been seventy degrees and one of the doors had been left open for hours to an outside temperature in the mid-to-high seventies. If trial counsel had presented evidence of the temperature discrepancy and argued why it created a reasonable doubt as to [Mr. Kings] guilt, the jury may have very well come to a different conclusion."

However, the First District Court of Appeal of Florida disagreed. The appellate court cites that the postconviction "courts decision was not based on competent, substantial evidence," and therefore Mr. King did not demonstrate deficient performance or prejudice." Later stating

7

the impossibility "to conclude to the requisite level of certainty that any one issue made the difference between the earlier mistrials and the verdict in this case. It could just as easily, or more likely, have been the difference between a capital and a six-person jury, among other factors." Finally, the appellate court could not "conclude that there is a reasonable probability that arguing a temperature discrepancy would have produced an acquittal. We therefore reverse the postconviction courts order vacating [Mr. Kings] judgement and sentences..."

13,14,15. The ground presented in this petition has been presented to the highest state court having jurisdiction. No other petition, application or motion has been filed in any federal court, nor is any other petition or motion pending in any court.

16. At trial Mr. King was represented by James Hernandez and Richard Kuritz.

At sentencing Mr. King was represented by S. Nicole Jamieson, 960185 Gateway Blvd, Suite 104, Fernandina Beach, FL 32034.

On Direct Appeal Mr. King was represented by Barbara Busheris, Public Defenders Office, Tallahassee, FL.

During the evidentiary hearing on Mr. Kings postconviction motion he was represented by Refik Eler, 233 East Bay St, Suite 1133, Jacksonville, FL 32202.

During the States appeal, Mr King was represented by the aforementioned S. Nicole Jamieson.

17. Mr. King has no future sentence to serve.

18. <u>TIMELINESS OF PETITION</u>
After Mr. Kings judgement and conviction was vacated, he was sentenced for the second time on December 16, 2021. As such he is well within his one year time limitation, pursuant to F.S. 924.37.

9

Therefore, Petitioner asks that the court quash the decision of the First District Court of Appeal of Florida and reinstate the order of the Fourth Judicial Circuit, Duval County, that vacated Petitioners judgement and sentence and granted him a new trial.

/s/ Andrew King
#J51219

I declare under penalty of perjury that the foregoing is true and correct and that this petition for Writ of Habeas Corpus was placed in the prison mailing system on this 20TH day of October, 2022.

/s/ Andrew King
#J51219
1050 Big Joe Rd.
Monticello, FL 32344